**Dismissed and Memorandum Opinion filed August 29, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00410-CV

---

### DALFORD LAVON DENNISON, JR., Appellant

### V.

### KAREN DENNISON, Appellee

---

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2012-19817**

---

### M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a default judgment signed December 19, 2012.

On April 4, 2012, appellee, Karen Dennison, filed an original petition for divorce in the trial court. Appellant, Dalford Lavon Dennison, Jr., answered the petition on September 24, 2012. On December 19, 2012, the trial court signed a default decree of divorce. On March 4, 2013, appellant filed "Motions for

Extension of Time to File Post-Judgment Matters Pursuant to Texas Rules of Civil Procedure, Rule 306a(5), and Texas Rules of Appellate Procedure, Rule 4.2, and New Trial and to Set Aside (Post-Answer) Default Judgment." In his motion, appellant claimed he did not receive notice of the default decree until February 23, 2013. On March 20, 2013, the associate judge signed an "Order Granting Motion for New Trial and Motion to Set Aside Default Judgment" in which the court set aside the December 19, 2012 judgment. On March 21, 2013, appellee filed an appeal of the associate judge's ruling. On April 16, 2013, the trial court held a hearing on the appeal and upheld the associate judge's order granting a new trial and setting aside the default judgment.

On May 5, 2013, appellant filed a notice of appeal seeking to set aside the December 19, 2012 default judgment, which, according to the clerk's record filed June 14, 2013, had been set aside by the trial court. On June 18, 2013, this court sent notice to all parties that it would consider dismissal of the appeal because the record contained no appealable order. On August 16, 2013, appellant filed a response to the court's dismissal letter. In his response, appellant asks this court to refrain from dismissing the appeal. Appellant argues:

> The actual dispute, and the primary reason for bringing this appeal, was, and is, whether or not the absence of an allegation and/or affidavit that Appellant's trial attorney did not have actual notice of the default judgment taken against Appellant deprived the Trial Court of "jurisdiction" to consider Appellant's "Motion for Extension of Time Pursuant to Texas Rules of Civil Procedure, Rule 306a(5), and Texas Rules of Appellate Procedure, Rule 4.2, which provided the Trial Court with an extension of the Trial Court's plenary power to consider Appellant's Motion for New Trial and Motion to Set Aside the Default Final Decree of Divorce and Order in Suit Affecting Parent-Child Relationship" (CR 97-117), as was asserted by Appellee for the first time at the hearing held on April 16, 2013, of the appeal of the Associate Judge's ruling.

At the April 16, 2013 hearing, appellee alleged that appellant's attorney did not file a proper affidavit in support of his motion filed pursuant to Texas Rule of Civil Procedure 306a. Appellee, however, did not prevail in her argument before the trial court. The court affirmed the associate judge's ruling and reinstated the case. Because the trial court set aside the default judgment and granted the new trial, our record contains no final judgment or other appealable order.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Brown, Christopher, and Donovan.